# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ELLIS REED (#105512)**                                                   **CIVIL ACTION**

**VERSUS**

**JAMES LEBLANC, ET AL.**                                       **19-718-JWD-RLB**

## ORDER

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against James LeBlanc, Dr. Randy Lavespere, Elizabeth Britton, Dr. Jonathan Roundtree, and Dr. Travis Tavori complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs.

In short, the plaintiff alleges that he is not receiving treatment for Hepatitis-C and associated conditions. However, the plaintiff has not alleged any specific action or inaction on the part of any of the named defendants with respect to the plaintiff's medical needs. For example, the plaintiff refers to "doctors," "DOC," and "Medical Director," but the plaintiff has named three doctors and has identified each of them as a medical director.

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*. Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action. *Varnado v.*

*Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble*, *supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Furthermore, in order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or

vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Accordingly,

**IT IS ORDERED** that the plaintiff shall, within 21 days from the date of this Order, amend his Complaint by stating with specificity what action or inaction on the part of defendants James LeBlanc, Dr. Randy Lavespere, Elizabeth Britton, Dr. Jonathan Roundtree, and Dr. Travis Tavori contributed to a violation of the plaintiff's constitutional rights. Should the plaintiff fail to amend his Complaint as ordered, his action will be subject to dismissal for the reasons set forth above.

Signed in Baton Rouge, Louisiana, on February 4, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**