UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELLIS REED (#105512)** | **CIVIL ACTION** |
| **VERSUS** | |
| **JAMES LEBLANC, ET AL.** | **19-718-JWD-RLB** |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 19, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ELLIS REED (#105512)**                                                            **CIVIL ACTION**

**VERSUS**

**19-718-JWD-RLB**

**JAMES LEBLANC, ET AL.**

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against James LeBlanc, Dr. Randy Lavespere, Elizabeth Britton, Dr. Jonathan Roundtree, and Dr. Travis Tavori complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs. He seeks monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual

power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

In short, the plaintiff alleges that he is not receiving treatment for Hepatitis-C and associated conditions. However, the plaintiff has not alleged any specific action or inaction on the part of any of the named defendants with respect to the plaintiff's medical needs. For example, the plaintiff refers to "doctors," "DOC," and "Medical Director," but the plaintiff has named three doctors and has identified each of them as a medical director.

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*. Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which

the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble*, *supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Furthermore, in order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

On February 4, 2020, the plaintiff was ordered to amend his Complaint within 21 days of the date of the Order. (R. Doc. 6). The Order included a recitation of the law included herein as to deliberate indifference to serious medical needs, and personal and supervisory liability. To cure the deficiencies, the plaintiff was specifically instructed to state "with specificity what action or inaction on the part of defendants James LeBlanc, Dr. Randy Lavespere, Elizabeth Britton, Dr. Jonathan Roundtree, and Dr. Travis Tavori contributed to a violation of the plaintiff's constitutional rights." (R. Doc. 6). Plaintiff was also informed that should he fail to amend his Complaint as ordered, his action will be subject to dismissal for the reasons set forth above. Plaintiff did not file any amendment and did not otherwise respond to the Court's order. Despite an opportunity to amend his Complaint, the plaintiff has failed to allege any specific action or inaction on the part of any of the named defendants with respect to the plaintiff's medical needs. It is apparent that Plaintiff disagrees with the medical treatment that he has received while in custody. That alone is not sufficient. Accordingly, the plaintiff's Complaint fails to state a claim upon which relief may be granted.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[1].

Signed in Baton Rouge, Louisiana, on March 19, 2020.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."