UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELLIS REED (#105512)                                         CIVIL ACTION

VERSUS

                                                           19-718-JWD-RLB

JAMES LEBLANC, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 25, 2021.

                                                                  _____
                                                          RICHARD L. BOURGEOIS, JR.
                                                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ELLIS REED (#105512)**                                  **CIVIL ACTION**

**VERSUS**

                                                          **19-718-JWD-RLB**

**JAMES LEBLANC, ET AL.**

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

This matter comes before the Court on the Motion to Dismiss filed on behalf of defendant Secretary James LeBlanc, Dr. Randy Lavespere, Dr. Johnathan Roundtree, and Elizabeth Britton (R. Doc. 29). The Motion is opposed. *See* R. Doc. 32.

The *pro se* plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP") filed this proceeding against defendants Secretary James LeBlanc, Dr. Randy Lavespere, Dr. Johnathan Roundtree, Elizabeth Britton, Dr. Travis Tavori[1] complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs. He seeks monetary and injunctive relief.

Defendants first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's § 1983 claims against them in their official capacities. In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit

---

[1] Defendant Dr. Tavori has not yet been served.

against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's § 1983 claims asserted against defendants LeBlanc, Lavespere, Roundtree and Britton in their official capacities for monetary damages are subject to dismissal.

Turning to the plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, the defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, as amended, the plaintiff alleges the following: In 1995, the plaintiff was diagnosed with Hepatitis-C. By 1998, liver biopsy results revealed that the plaintiff was at risk for advanced liver disease. By 2015, the plaintiff was suffering from cirrhosis. To date, the plaintiff has not been treated with DAA medications which cure 90 to 95 percent of Hepatitis-C cases. Pursuant to prison policy, the plaintiff has been denied DAA medication by the defendants although the defendants knew with certainty that the plaintiff's condition would rapidly deteriorate. Due to the lack of DAA medication, the plaintiff suffers from: abdominal pain, neck pain, bone and joint pain, vomiting of blood, nose bleeds, coughing, swelling, severe headaches, several overall pain, weight loss, mental confusion, and hypertension.

The moving defendants assert that they are entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific

context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be denied in part. The plaintiff's allegations, accepted as true, state a claim for deliberate indifference to his serious medical needs.

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*. Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*,

239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble*, *supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Furthermore, in order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing principles, the Court concludes that the plaintiff has alleged facts sufficient to support a claim of deliberate medical indifference on the part of the defendants. Specifically, there are numerous reported decisions that have commented upon the potentially curative effects of Hepatitis C medication protocols. *See, e.g., Abu-Jamal v. Kerestes*, 2016 WL

4574646, *9 (M.D. Pa. Aug. 31, 2016) ("The standard of care with respect to the treatment of chronic Hepatitis C is the administration of newly-developed DAA medications, such as Harvoni, Sovaldi, and Viekira Pak"). *See also B.E. v. Teeter*, 2016 WL 3033500, *1 (W.D. Wash. May 27, 2016) ("Harvoni ... was FDA-approved on October 10, 2014 and has a success rate of achieving 'sustained virological response [ ] of nearly 100%, with little to no side effects"). In many of these cases, a judicial resolution of the inmate plaintiffs' claims that they were not being provided with these medications has been based upon an evidentiary showing made in the context of a motion for summary judgment or evidentiary hearing. *See, e.g., Phelps v. Wexford Health Sources, Inc.*, 2017 WL 528424 (D. Md. Feb. 8, 2017); *Fitch v. Blades*, 2016 WL 8118192 (D. Idaho Oct. 27, 2016); *King v. Calderwood*, 2016 WL 4771065 (D. Nev. Sept. 12, 2016); *Crigger v. Wright*, 2016 WL 1626580 (E.D. Va. April 20, 2016).

In the instant matter, however, the Court does not have before it any evidence upon which to base a decision whether the determination to deny the plaintiff the potentially curative medication has been warranted. Accordingly, the defendants' Motion to Dismiss should be denied. *See Allah v. Thomas*, 679 F. App'x. 216, (3rd Cir. 2017) (reversing lower court decision granting defendants' motion to dismiss, concluding that the inmate plaintiff "plausibly alleged an Eighth Amendment violation" regarding denial of medication for Hepatitis C); *Cassell v. Griffin*, 2016 WL 5954406 (E.D. Ark. Sept. 22, 2016) (denying defendants' motion to dismiss where plaintiff's request for treatment with Harvoni had been refused, noting that "it is clear that [plaintiff] has pled a viable § 1983 claim[ ]"); *Chimenti v. Pennsylvania Department of Corrections*, 2016 WL 1125580 (E.D. Pa. Mar. 21, 2016) (denying defendants' motion to dismiss in class action where inmates complained of a denial to provide latest Hepatitis C medications).

Whereas the Constitution does not mandate that the plaintiff be provided with the best medical care that is available, *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992), the law is clear that "[t]he denial or delay of necessary medical treatment for financial or other improper motives not based on medical reasons may constitute an Eighth Amendment violation." *See Hanna v. Correctional Corporation of America*, 95 F. App'x. 531, 532 (5th Cir. 2004). Finally, whereas the plaintiff has not alleged all defendants have been personally or directly involved in providing him with medical care or treatment, it appears the plaintiff has alleged that one or more defendants are policy-makers who are involved with making policy determinations regarding treatment protocols and regimens available to inmates (R. Doc. 13), and it further appears that one or more of the defendants may be the appropriate supervisory official to respond to any order for injunctive relief that may be found to be warranted in this case.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendant's Motion to Dismiss (R. Doc. 29) be granted, in part, and the plaintiff's claims asserted against the moving defendants in their official capacities for monetary damages be dismissed, with prejudice. It is further recommended that in all other regards the Motion be denied and that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on March 25, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**