UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELLIS REED | : | CIVIL ACTION |
| | : | NO. 19-718-JWD-RLB |
| VERSUS | | |
| | : | JUDGE JOHN W. DEGRAVELLES |
| JAMES LEBLANC, ET AL | : | MAGISTRATE JUDGE |
| | | RICHARD L. BOURGEOIS, JR. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Defendants, Secretary James LeBlanc, Dr. Randy Lavespere, Dr. Jonathan Roundtree, and Elizabeth Britton, respectfully move this Honorable Court for summary judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure as there is no genuine issue of material fact that Defendants were not deliberately indifferent to Plaintiff's serious medical needs, as explained in detail below. As such, this Honorable Court should grant Defendants' motion and dismiss Plaintiff's claims.

**I.    STATEMENT OF THE CASE**

Through an original *Complaint* and two *Amended Complaints*, Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by exhibiting deliberate indifference to his serious medical needs. Specifically, he claims that Defendants have been deliberately indifferent through their continued refusal to treat Plaintiff's Hepatitis-C with direct-acting antivirals ("DAAs") pursuant to an unspecified prison policy.[1]

What Plaintiff has failed to include in his allegations is that his Hepatitis-C was successfully treated with Peginterferon and other drugs between July 2015 and June 2016, that by

---

[1] R. Doc. 1, R. Doc. 4, and R. Doc. 13; *see also* R. Doc. 37, Report and Recommendation at p. 4, summarizing Plaintiff's allegations.

1

March 1, 2017, Hepititis-C virus was not detected in his system, and that he continues to be monitored and treated by DOC for his health care needs – all facts to which Plaintiff has admitted.[2] As such, his complaint is not that he has gone untreated, as these omissions imply, but rather that he disagrees with the treatment he received.

## II. LAW

### A. Summary judgment standard

The standard for summary judgment is found in Federal Rule of Civil Procedure Rule 56(a):

> "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.[3] Supporting affidavits must set forth facts which would be admissible in evidence.[4] Opposing responses must set forth specific facts showing that there is a genuine dispute for trial.[5] To oppose a motion for summary judgment, a party may not rest upon mere allegations or denials contained in his pleadings.[6] The non-moving party must designate specific evidence which is of sufficient caliber and quantity to create a genuine dispute for trial such that a rational finder of fact could return a verdict in his favor.[7]

---

[2] Exhibit A, Plaintiff's Answer to Defendant's First Set of Interrogatories, Admission and Production at pp. 3-4.
[3] FED. R. CIV. P. 56(a).
[4] FED. R. CIV. P. 56(c)(4).
[5] FED. R. CIV. P. 56(a).
[6] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. V. Johnson*, 780 F.2d 1190 (5th Cir. 1984).
[7] *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986); *Phillips Oil Company v. OCK Corporation*, 812 F.2d 265 (5th Cir. 1987).

In determining the existence of any genuine dispute as to material fact, the inquiry performed is a threshold inquiry of whether there is a need for trial; that is, whether "there are any genuine factual issues that can properly be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[8] No genuine issue or dispute exists unless there is sufficient evidence favoring the non-moving party so that a fact finder could find for that party. When determining if a genuine factual dispute exists, a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability. There is no genuine dispute if the evidence in opposition to the motion is insufficient caliber or quality to allow a rational fact finder to find in favor of the non-moving party.[9] There must be more than a "metaphysical doubt" about the material facts.[10]

### B. Deliberate Medical Indifference Legal Standard

To succeed in an Eighth Amendment challenge to an offender's medical care, an offender plaintiff must show three things: (1) the offender had a serious medical need; (2) prison officials showed deliberate indifference to the offender's serious medical need; and (3) this deliberate indifference caused the offender's injury.[11]

First, the Fifth Circuit has defined a "serious medical need" as "one that has been diagnosed by a doctor or health professional or a condition that is so obvious that even a layperson would recognize that medical care is required."[12]

Second, the Fifth Circuit has established that deliberate indifference to a convicted offender's serious medical needs could state a civil rights violation, but a showing of nothing more

---

[8] *Anderson*, 477 U.S. at 256-57 (1986).
[9] *Phillips Oil Company*, 812 F. 2d 265 (5th Cir. 1987)(citing *Anderson*, supra).
[10] *Matsushita*, 475 U.S. at 586 (1986).
[11] *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).
[12] *Gobert v. Caldwell*, 463 F.3d 339, 345 n. 12 (5th Cir. 2006).

than negligence does not.[13] Malpractice alone is not grounds for a constitutional claim.[14] In sum, negligent or mistaken medical treatment or judgment does not implicate the Eighth Amendment and does not provide the basis for a civil rights action.[15] Simple disagreement with the medical treatment received or a complaint that the treatment received has been unsuccessful is insufficient to set forth a constitutional violation.[16] Even a disagreement with how the offender feels he should be treated or how quickly he should be treated does not rise to the level of a constitutional violation,[17] and a disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a constitutional claim for indifference to medical needs either.[18]

In addition, a failure to refer an offender plaintiff for additional treatment, diagnostic testing or evaluation is a matter of professional medical judgment that the courts will not normally second-guess in the context of a claim of deliberate medical indifference.[19]

Moreover, the Fifth Circuit has held that the fact that medical care given is not the best that money can buy, and the fact that a dose of medication may occasionally be forgotten, does not amount to deliberate indifference to serious medical needs.[20] More pertinently, the Fifth Circuit has held that an offender who had been examined by medical personnel on numerous occasions failed to set forth a valid showing of deliberate indifference to serious medical needs.[21] Deliberate indifference encompasses only unnecessary and wanton infliction of pain "repugnant to the

---

[13] *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997); *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir.1989).
[14] *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).
[15] *Graves v. Hampton*, 1 F.3d 315, 319–20 (5th Cir. 1993).
[16] *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *Norton*, 122 F.3d at 293.
[17] *Estelle*, supra, 429 U.S. at 103; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) (citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977)).
[18] *Norton*, 122 F.3d at 292.
[19] See *Cuellar v. Livingston*, 321 Fed. Appx. 373, 374 (5th Cir. 2009) (upholding the dismissal of an offender's claim as frivolous, noting that "the question whether 'additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment,'" quoting *Estelle*, supra, 429 U.S. at 107).
[20] *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).
[21] *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985).

conscience of mankind".[22] Thus, to state a claim of medical indifference prohibited by the Eighth Amendment, an offender must show the care was denied and the denial amounted to deliberate indifference.[23] Mere medical negligence or medical malpractice is not a constitutional violation.[24] Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.[25]

### III. ARGUMENT

#### a. Deliberate Medical Indifference - Plaintiff's Eighth Amendment Deliberate Indifference Claims Should Be Dismissed

Plaintiff cannot present sufficient material facts which would generate a genuine issue for trial as to Defendants Secretary LeBlanc, Dr. Randy Lavespere, Dr. Jonathan Roundtree, and Elizabeth Britton because the undisputed facts show that there has been no deliberate indifference to his serious medical needs. Specifically, Plaintiff cannot show that any of the named defendants "refused to treat [him], ignored [his] complaints, intentionally treated [him] incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[26]

As the Court is aware, Plaintiff's complaint is that he has not received DAAs to treat his Hepatitis-C.[27] Defendants do not dispute that Plaintiff was not provided DAAs, but this is because Plaintiff was instead, successfully, treated with Peginterferon between July 2015 and June 2016.[28] As this Court has previously noted, at the time Plaintiff was being treated, the drugs he desired

---

[22] *Estelle v. Gamble*, 429 U.S. 97 at 105 – 06; *Gregg v. Georgia*, 428 U.S. 153, 182-83, 96 S.Ct. 2909 (1976).
[23] *Estelle*, 429 U.S. at 105-106; *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985).
[24] *Estelle*, supra; *Varnado*, supra; *Johnson*, supra.
[25] *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006), citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).
[26] *Johnson*, 759 F.2d at 1238.
[27] R. Doc. 37 at p. 4.
[28] Exhibit B, Certified Medical Records of Plaintiff at pp. 30-40, 50, 53, 55-61, and 74.

were still relatively new and had yet not been implemented into DOC's new drug protocols.[29] By the time the drugs were available for use for offenders, Plaintiff had already completed his Hepatitis-C treatment, and had been cleared.[30]

Under these circumstances, it is clear that Plaintiff's true issue is that he disagrees with the precise treatment he received, and simple disagreement with treatment received is insufficient for a claim of deliberate indifference.[31] This Court has already seen multiple instances of offender-plaintiffs who have claimed deliberate indifference based upon being treated with the same medications as Plaintiff rather than DAAs and have found the claims meritless.[32]

In *Cormier v. Edwards*, the offender-plaintiff alleged that prison and DOC officials were deliberately indifferent to his serious medical needs by treating his Hepatitis-C by means other than DAAs until they became widely available for DOC use.[33] The Court recognized that this claim amounted to simple disagreement with the treatment received, and dismissed the plaintiff's claims.[34] Similarly, the Court, in *Henderson v. Tanner*, evaluated the claims of a plaintiff who alleged that prison and DOC officials had been deliberately indifferent by treating his Hepatitis-C through the very same drugs that Plaintiff received rather than DAAs before they were widely available for use by DOC.[35] Again, the Court recognized that the plaintiff truly alleged only a disagreement with the treatment he received, rather than deliberate indifference and dismissed the plaintiff's claims.[36]

---

[29] *See Henderson v. Tanner*, CV 15-804-SDD-EWD, 2019 WL 885914, at *4 (M.D. La. Feb. 22, 2019); and *Cormier v. Edwards*, CV 17-241-SDD-EWD, 2019 WL 2438784, at *3 (M.D. La. June 11, 2019)
[30] Exhibit B at pp. 30-40, 50, 53, 55-61, and 74
[31] *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *Norton*, 122 F.3d at 293.
[32] *Henderson; and Cormier, supra*.
[33] *Cormier, supra*.
[34] *Id*.
[35] *Henderson, supra*.
[36] *Id*.

The facts and allegations of the instant suit are remarkably similar to those in *Cormier* and *Henderson*. Plaintiff alleges deliberate indifference on the part of prison and DOC officials based upon the failure to treat him with DAAs. The primary difference being that rather than being contraindicated from Peginterferon treatment like Cormier or being unsuccessfully treated with Peginterferon like Henderson, Plaintiff's course of treatment was successful.[37] Plaintiff has been cleared of his Hepatitis-C, and he agrees with this fact.[38] Given this factual similarity with *Cormier* and *Henderson*, Plaintiff's case should see a similar result, and his claims for deliberate indifference should be dismissed.

    **b. Supervisory Liability**

It is firmly established that individual liability under § 1983 may not be predicated on the vicarious liability doctrine of *respondeat superior*.[39] "Liability in a civil rights action cannot be based on *respondeat superior* alone, and defendants in such actions must be alleged to have had personal involvement in the wrongs complained of."[40] Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983.[41] The only exception to this general rule is where a deprivation of constitutional rights occurs as a result of a subordinate's implementation of the supervisor's affirmative wrongful

---

[37] Exhibit B at 50; *see Cormier and Henderson, supra*.
[38] *Id*, and Exhibit A at p. 4, Response to Request for Admission No. 4
[39] *Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).
[40] *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015)
[41] *Alton*, 168 F.3d at 200; *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984) (en banc);*Coleman v. Houston Independent School District*, 113 F.3d 528, 534 (5th Cir. 1997): *Doe v. Taylor Indep. Sch. Dist*., 15 F.3d 443, 452 (5th Cir. 1994) (en banc); *Auster Oil & Gas, Inc. v. Stream*, 835 F.2d 597, 601 (5th Cir. 1988); *Lopez v. Houston Indep. Sch. Dist.*, 817 F.2d 351, 355 (5th Cir. 1987), overruled on other grounds, *Walton v. Alexander*, 44 F.3d 1297, 1303 n. 4 (5th Cir. 1995) (en banc); *Kline v. North Tex. State Univ.*, 782 F.2d 1229, 1235 (5th Cir. 1986); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.[42]

First, Plaintiff has not alleged, and cannot show, that Defendants LeBlanc or Dr. Lavespere were directly involved in the provision of medical care to Plaintiff regarding the treatment of his Hepatitis-C. Instead, he alleges only that their deliberate indifference manifested through policies allegedly generated, endorsed, or facilitated by these Defendants.[43] Specifically, he alleges that Defendants' policy was to withhold treatment until his Hepatitis-C "advanced to probable terminal stages."[44]

The Court need look no further than the actual policy at issue to see that this allegation is false. The treatment and management of viral hepatitis amongst offenders within the custody of the Department of Corrections is controlled by Health Care Policy No. HC-09B.[45] With regard to Hepatitis-C, specifically, the policy sets forth that offenders who test positive for Hepatitis-C are to be screened and considered for treatment in consultation with the LSU hospital hepatitis staff.[46] Further, the policy sets forth that offenders found to be positive for Hepatitis-C and negative for all absolute contraindications are to be referred to the LSU hospital hepatitis staff for evaluation or relative contraindications.[47] Additionally, the policy sets forth that "[t]he decision to treat, and with which modality, shall be made in consultation with LSU hospital hepatology staff."[48]

Nothing in the policy issued by Secretary LeBlanc and followed by LSP staff indicates that Plaintiff, or any other offender, is made to wait until their Hepatitis-C infections become "terminal" as he suggests. Instead, it shows a policy that is clearly designed to monitor and treat

---

[42]
[43] R. Docs. 1, 4, and 13; *see also*, Exhibit A at p. 2.
[44] R. Doc. 13.
[45] Exhibit C, Certified Copy of Health Care Policy No. HC-09B
[46] *Id*. at § 8.
[47] *Id*. at § 8(M).
[48] *Id*. at §8(P).

offenders who test positive for Hepatitis-C in a manner consistent with the medical information and resources available to both the Department of Corrections and LSU hospital's hepatitis staff.

Furthermore, this Court has noted, over several similar claims, that standard treatment for Hepatitis-C prior to the regular availability of DAAs consisted of monitoring of the patient, potential treatment as the infection progresses with drugs such as Peginterferon, and follow-up monitoring and found this treatment constitutionally sufficient.[49] This is the same treatment Plaintiff received for his Hepatitis-C, and this treatment was successful.

### c. Defendants are entitled to Qualified Immunity:

Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction and liability when they perform their duties reasonably.[50] The qualified immunity defense is a familiar one and operates to protect a public official who is performing a discretionary task.[51] Government officials, performing discretionary functions, "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[52] Qualified immunity allows officials the freedom to exercise fair judgment, protecting "all but the plainly incompetent or those who knowingly violate the law."[53] Actions and decisions made by

---

[49] *See*, *Henderson* and *Cormier*, *supra* (both cases setting forth additional jurisprudence finding similar care constitutionally sufficient and citing: *Calloway v. Gusman*, CIVA 05-4003, 2006 WL 2710475, at *7 (E.D. La. Sept. 20, 2006), *Harris v. Epps*, 523 Fed. Appx. 275 (5th Cir. 2013), *Burling v. Jones*, 2017 WL 384364 (S.D. Tex. Jan. 24, 2017), *Hale v. Abangan*, 2018 WL 1053520, *2 (S.D. Miss. Jan. 26, 2018))
a[50] *Pearson v. Callahan*, 129 S.Ct. 808, 815-816, citing *Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2738 (1982).
[50] *Pearson v. Callahan*, 129 S.Ct. 808, 815-816, citing *Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2738 (1982).
[51] *Hale v. Townley*, 45 F.3d 914 (5th Cir. 1995).
[52] *Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2738 (1982).
[53] *Malley v. Briggs*, 106 S.Ct. 1092, 1096 (1986).

officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity."[54]

The United States Supreme Court has repeatedly stressed that the immunity issue must be resolved at the earliest possible stage of the litigation since it entails not merely a defense to liability, but is instead immunity from suit and an entitlement not to stand trial or face the other burdens of litigation.[55] The Courts have traditionally used the two-step method in determining whether a defendant is entitled to qualified immunity. The sequencing of the analysis has been left to the discretion of the District Court Judges to determine which of the two prongs should be analyzed first.[56]

The first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional right.[57] This is a "purely legal question" to be determined by the Court.[58] The court uses currently applicable constitutional standards to make this assessment.[59] The plaintiff bears the burden of pleading such a violation of clearly established law.[60]

The second step the district court must determine is whether the right allegedly violated was clearly established at the time of the infraction.[61] This inquiry must be undertaken in light of the specific factual context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether

---

[54] *Alton v. Texas A&M University*, 168 F.3d 196, 201 (5th Cir. 1999).
[55] *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).
[56] *Pearson v. Callahan*, 129 S.Ct. 808 at 818, 172 L.Ed.2d 565 (2009).
[57] *Id.*
[58] *Siegert v. Gilley*, 111 S.Ct. 1789, 1793 (1991).
[59] *Saucier*, 121 S.Ct. at 2156.
[60] See *Mitchell v. Forsyth*, 105 S.Ct. 2806, 2815 (1985).
[61] *Id.*

it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted.[62]

The court must determine whether an alleged right was established with sufficient particularity that a reasonable official could anticipate his actions would violate that right.[63] It is not enough that the law be established as a general proposition (such as how the Fourth Amendment prohibits "unreasonable" searches and seizures or that the Eighth Amendment prohibits "excessive" force). Rather, the right that the official is alleged to have violated must have been "clearly established" in a more particularized and more relevant sense. The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right at the time.[64] As the Supreme Court held:

> The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful *in the situation he confronted*.[65]

If the law did not put the officer on notice that his conduct in the situation he confronted would be clearly unlawful, he is entitled to qualified immunity.[66] Officials are not expected to determine the manner in which the law's gray areas might be clarified or defined.[67] Further, the Supreme Court has held that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law".[68] Defendants sued in their individual capacities should be granted

---

[62] *Id.*
[63] *Anderson v. Creighton*, 107 S.Ct. 3034, 3039 (1987).
[64] *Saucier*, 121 S.Ct. at 2156.
[65] *Saucier*, 121 S.Ct. at 2156 (*emphasis added*).
[66] *Saucier*, 121 S.Ct. at 2156-57.
[67] *Davis v. Scherer*, 104 S.Ct. 3012, 3019-20 (1984).
[68] *Malley v. Briggs*, 106 S.Ct. 1092, 1096 (1986).

qualified immunity unless their actions "were patently incompetent or intentionally flouted the law."[69]

Qualified immunity shields the defendants from liability for civil damages insofar as plaintiff has failed to put forth sufficient facts to show that the Defendants violated any constitutional right under the circumstances presented; in addition, their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. All defendants in this matter are entitled to qualified immunity on the basis that they did not violate Plaintiff's constitutional rights in any way. None of the defendants appearing refused to treat Plaintiff. Secretary LeBlanc has no personal involvement in this claim.[70] For the defendants that are medical professionals, Plaintiff cannot show that they did not treat him, ignored his complaints, intentionally treated him incorrectly, or displayed conduct that shows a wanton disregard for serious medical needs.[71] The evidence only shows that he did not receive the precise treatment he now seeks despite the treatment not being available to offenders at the time he was started on medication to treat his Hepatitis-C.

Under the first prong, the evidence shows that Defendants' conduct did not violate Plaintiff's constitutional rights. Plaintiff's sole complaint is that he did not receive his preferred treatment. However, Plaintiff's voluminous medical records over the course of his Hepatitis-C diagnosis shows that he was, in fact, treated and treated pursuant to the standard of care established at the time.[72]

---

[69] *Brady v. Fort Bend County,* 58 F.3d 173, 173 (5th Cir. 1995); *see also Shipp v. McMahon,* 234 F.3d 907, 915 (5th Cir. 2000) (noting that "courts have narrowly adjudicated issues of qualified immunity largely to the benefit of government officials," and qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law").
[70] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[71] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)
[72] Exhibit B, at pp. 30-40, 50, 53, 55-61, and 74, and more generally, *see Id.*, *passim.*

Even if Plaintiff could establish Defendants violated his constitutional rights, they are entitled to qualified immunity under the second prong because any such violation was not objectively contrary to clearly established law. Defendants' conduct was not objectively unreasonable under the circumstances and their actions were not clearly unlawful. Plaintiff's medical records show, and he acknowledges in his *Complaint*, that Defendants monitored his medical condition, ordered a liver biopsy, and gave him medical treatment. As such, Defendants are entitled to qualified immunity.

## IV. CONCLUSION:

The medical and documentary evidence available shows that Defendants were not deliberately indifferent to Plaintiff's serious medical needs. Further, the Plaintiff lacks any evidence that the treatment policies established by DOC and Secretary LeBlanc cause or encourage deliberate indifference to the medical needs of Plaintiff or any other offender diagnosed with Hepatitis-C. Instead, the evidence shows that Plaintiff was adequately treated for his condition and that the treatment was successful. There is no genuine issue between the parties as to these facts. Plaintiff merely disagrees of the precise treatment he received. For these reasons, Defendants' Motion for Summary Judgment should be granted, and Plaintiff's claims should be dismissed with prejudice.

Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: */s/ Matthew P. Roth*
Matthew P. Roth (#37527)
Assistant Attorney General
**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 North Third Street, Fourth Floor
Post Office Box 94005 (70804-9005)

Baton Rouge, Louisiana 70802
Telephone: 225-326-6300
Facsimile: 225-326-6495
E-mail: RothM@ag.louisiana.gov
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 1 day of September 2022, the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

*/s/ Matthew P. Roth*
Matthew P. Roth
Assistant Attorney General