UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELLIS REED (#105512)                                       CIVIL ACTION

VERSUS

                                                   19-718-JWD-RLB

JAMES LEBLANC, ET AL.

## RULING AND ORDER

Before the Court is the Motion for Summary Judgment filed on behalf of defendants Secretary James LeBlanc, Dr. Randy Lavespere, Dr. Jonathan Roundtree, and Elizabeth Britton (R. Doc. 75). The Motion is opposed. *See* R. Doc. 81.

The *pro se* plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP") filed this proceeding against defendants Secretary James LeBlanc, Dr. Randy Lavespere, Dr. Johnathan Roundtree, Elizabeth Britton, Dr. Angelo Anthony Tarver[1] complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs. He seeks monetary and injunctive relief.

Defendants move for summary judgment relying upon the pleadings; a Statement of Uncontested Material Facts, a copy of plaintiff's Answers to Interrogatories dated June 29, 2021, a copy of Interrogatories, Requests for Admission, and Requests for Production propounded to plaintiff on June 1, 2021, a certified copy of the plaintiff's medical and mental health records, and a certified copy of Health Care Policy NO. HCP23 dated June 8, 2011. The plaintiff opposes the motion relying on the pleadings.

---

[1] Defendant Dr. Tarver has not yet been served. In that regard, pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Accordingly, defendant Tarver will be dismissed pursuant to Rule 4(m).

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or

resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

**Plaintiff's Allegations**

In his Complaint, as amended, the plaintiff alleges the following: In 1995, the plaintiff was diagnosed with Hepatitis-C. By 1998, liver biopsy results revealed that the plaintiff was at risk for advanced liver disease. By 2015, the plaintiff was suffering from cirrhosis. To date, the plaintiff has not been treated with DAA medications which cure 90 to 95 percent of Hepatitis-C cases. Pursuant to prison policy, the plaintiff has been denied DAA medication by the defendants although the defendants knew with certainty that the plaintiff's condition would rapidly deteriorate. Due to the lack of DAA medication, the plaintiff suffers from: abdominal pain, neck pain, bone and joint pain, vomiting of blood, nose bleeds, coughing, swelling, severe headaches, several overall pain, weight loss, mental confusion, and hypertension.

*Qualified Immunity*

In response to the plaintiff's allegations, Defendants assert that they are entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established

is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be granted. There is no issue of material fact regarding the plaintiff's claim for deliberate indifference to serious medical needs asserted against any defendant.

*Deliberate Indifference*

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

Plaintiff's allegations are partially consistent with his medical records. His records show that, on January 3, 2014, the plaintiff's AST and ALT liver enzymes were elevated. On March

11, 2015, the plaintiff was diagnosed with Fibrosis Stage F4 Cirrhosis. However, the remainder of the plaintiff's records directly contradict the plaintiff's allegations. The records show that, on June 19, 2015, it was determined that the plaintiff met the criteria for HCV (hepatitis c) treatment. The plaintiff received treatment from July of 2015 to June of 2016. An ultrasound on July 26, 2016, showed that the plaintiff's liver was normal. By October 11, 2016, HCV was no longer detected, but the plaintiff was noted to be sarcastic and complaining that his HCV wasn't cleared despite his results indicating otherwise.

An ultrasound on April 18, 2017, again showed a normal liver. Subsequent ultrasounds on July 17, 2018, and January 22, 2019, also showed a normal liver. A CT on January 23, 2020, showed only a small hemangioma on the right lobe of the liver. The plaintiff's medical records show that, with treatment, his hepatitis infection was cleared with no lasting damage to his liver. As such, administration of DAAs is not needed as alleged by the plaintiff. Though the plaintiff claims that his medical records have been altered, his allegations are unsubstantiated as are the allegations of his Complaint related to the alleged lack of treatment and subsequent harm. The record before the Court does not show deliberate indifference on the part of any defendant.

*Supervisory Liability*

Furthermore, in order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662,

676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

The record is devoid of any wrongful policy requiring health care providers to delay treatment until HCV is nearly fatal as alleged by the plaintiff. The policies in the record pertaining to the treatment of HCV (HCP23 and HC-09B) provide for screening, treatment, and monitoring in accordance with various medical criteria, and as determined by the LSU Hospital hepatitis staff. Pursuant to policy, treatment is delayed or withheld only if medically contraindicated. Additionally, the plaintiff's medical records show that he was successfully treated pursuant to policy. As such, nothing in the record before the court suggests liability on the part of any supervisory defendant.

*Plaintiff's Opposition*

Additionally, despite notice and an opportunity to appear, the plaintiff has not come forward with any competent summary judgment evidence in opposition to the defendants' Motion for Summary Judgment or to the documentary evidence produced in support thereof. Plaitniff's opposition relies solely on the pleadings and his unsubstantiated allegations. Accordingly, there is nothing before the Court which tends to dispute the defendants' assertions. Based upon the plaintiff's failure in this case to designate specific evidence in the record of

sufficient caliber and quantity to create a genuine issue for trial, the Court concludes that the defendants' Motion is well-taken and that, on the record before the Court, the defendants are entitled to summary judgment as a matter of law. Accordingly,

**IT IS ORDERED** that the defendants' Motion for Summary Judgment (R. Doc. 75) is **GRANTED**, dismissing the plaintiff's claims against defendants Secretary James LeBlanc, Dr. Randy Lavespere, Dr. Jonathan Roundtree, and Elizabeth Britton, with prejudice.

**IT IS FURTHER ORDERED** that the plaintiff's claims against defendant Dr. Angelo Anthony Tarver are dismissed, without prejudice for failure to serve this defendant as required by Federal Rule of Civil Procedure 4(m), and that this action be dismissed. Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on February 3, 2023.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**